UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-80114-CR-HURLEY/HOPKINS

UNITED STATES OF AMERICA

       Plaintiff,

vs.

TIMOTHY R. CLANCY,

       Defendant.
_____/

## JOINT OBJECTION TO PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION FOR ENHANCEMENT

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby files, with the agreement of defense counsel, this joint objection to the Presentence Investigation Report (PSR) and joint recommendation for enhancement and states the following:

### Acceptance of Responsibility

The parties objects to paragraphs 24, 35 and 93 of the PSR in which the probation officer declines to reduce the defendant's offense level by three levels for acceptance of responsibility based on his use of drugs while on pretrial release. While the parties do not dispute that the defendant used drugs while on pre-trial release, the parties nevertheless believe that the defendant demonstrated acceptance of responsibility in all other regards and should therefore receive the three-level reduction provided for in Section 3E1.1 of the Sentencing Guidelines.

Section 3E1.1 of the Sentencing Guidelines provides for a two-level decrease of the

1

defendant's offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense" and an additional one level decrease if the offense level is 16 or greater and the government states that "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."  U.S.S.G. § 3E1.1.

In the instant case, the defendant and his attorney were approached by the FBI agent during the investigative stage of the case.  The defendant agreed to meet with the government and gave a full confession concerning his criminal conduct.  He agreed to plead guilty to an Information and executed a written plea agreement with the government, wherein he stipulated to almost all of the relevant sentencing enhancements, except the securities fraud enhancement, which his attorney wanted research.  Consistent with the agreement, the defendant did waive indictment and plead guilty pursuant to the written plea agreement.  He gave a full statement accepting responsibility to the probation officer and has recently agreed to stipulate to the securities fraud enhancement.  This conduct clearly demonstrates that the defendant accepted responsibility for his actions and did so early enough in the case to save the government valuable resources by allowing the government to avoid presenting the case to the grand jury and trial.

The defendant has suffered from an addiction to drugs and gambling for many years and has repeatedly sought treatment for both problems.  Indeed, the instant case resulted from the defendant's addictions to both gambling and drugs.  Initially, the defendant invested the investors' funds as promised, but later began using drugs and began diverting the funds to his own use.  A significant portion of the diverted funds went to satisfy the defendant's gambling problem.

Indeed, the filing of the Information in this case was delayed because the defendant had voluntarily admitted himself to a residential drug treatment program. He successfully completed the program and appeared in court to face the charges.

Section 3E1.1 directs the court to consider a variety of factors when determining if a defendant qualifies for a three-level reduction based on acceptance of responsibility, including whether he truthfully admitted his criminal conduct, participated in post-offense rehabilitative efforts, and timely manifested his acceptance of responsibility. The defendant satisfied all of these conditions. The only thing he did which was inconsistent with acceptance of responsibility was to use drugs, which he appears to have little control over. Given his serious addiction history, the parties do not believe that his use of drugs while on release is indicative of a return to criminal conduct as much as it is a reflection of his inability to control a long term addiction. The defendant recognizes that he cannot control his addiction and when arrested after his dirty urine test, he admitted the violation and agreed to remain in jail. Based on a review of all of the factors, the parties believe that the defendant should receive a three level reduction for acceptance of responsibility.

### **Securities Fraud Enhancement**

The PSR provides for a 4 level enhancement because the offense involved a violation of securities law and at the time of the offense the defendant was a licensed securities broker and/or investment adviser. The parties have conferred on this enhancement and agree that it is applicable. We request that the following additional information be included in the PSR in support of the enhancement.

The defendant was a licensed securities broker for part of the criminal activity and a financial adviser for the entire criminal activity. His conduct constituted a violation of securities

laws, including 15 U.S.C. 77q(a) which states:

It shall be unlawful for any person in the offer or sale of any securities or any security-based swap agreement (as defined in section 206B of the Gramm-Leach-BlileyAct) by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly

(1) To employ any device, scheme, or artifice to defraud…..

The defendant was engaged in the sale of securities and employed a scheme to defraud in that he falsely told the investors he would use their money for various investments and for a small administrative fee, when in fact he diverted millions of investor funds to his own use. To conceal the fact that he was using their monies, he created fraudulent documents assuring the victims that their money was safe in CDs, when it was not.

The defense counsel, Richard Ozelie, has reviewed this pleading authorized me to file it as a joint pleading.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   *s/ Adrienne Rabinowitz*
Adrienne Rabinowitz
Assistant U.S. Attorney
Adrienne.Rabinowitz@usdoj.gov
Florida Bar No. 0833754
500 S. Australian Avenue
Suite #400
West Palm Beach, Fl 33411
Tel: (561) 820-8711
Fax: (561) 659-4526

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 24, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                          *s / Adrienne Rabinowitz*
                                          Assistant U. S. Attorney